# Commonwealth of Massachusetts
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

**FRANKLIN DIVISION** **DOCKET #00D0145-DV1**

Carolyn Baskowski,
PLAINTIFF

v.

Matthew Duska,
DEFENDANT

Nancy Duska
23 Valerie Dr.
W. Greenwich RI 02817
401-392-8418

INTERROGATORIES PROPOUNDED BY THE PLAINTIFF TO BE ANSWERED UNDER OATH BY THE DEFENDANT

The Plaintiff, by her attorneys, submits herewith interrogatories to be answered by the Defendant, pursuant to Mass. R. Dom. Rel. P. 33(a) separately and fully in writing under pains and penalties of perjury. In answering each of the following interrogatories, you will make such inquiry of your agents, servants, and attorneys, and examine all bills. Letters, financial statements and records, books of account, cancelled checks and other writings which in any way concern the matters dealt with by these interrogatories.

In answering these interrogatories, the Defendant must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to him or any of his attorneys, consultants, representatives or other agents.

If the Defendant is unable to answer fully any of these interrogatories, he must answer them to the fullest extent possible, specifying the reasons(s) for his inability to answer the remainder, and stating whatever information, knowledge, or beliefs he has concerning the unanswerable portion. An evasive or incomplete answer is deemed to be a failure to answer under Mass.R.Dom.Rel.P. 33 and may render the Defendant or his attorney or both liable for expenses of a motion to compel pursuant to Mass.R.Dom.Rel.P. 37.

Each lettered support of a numbered interrogatory is considered a separate interrogatory for the purpose of objection. The Defendant must object separately to each support and if he objects to less than all of the subparts of a numbered interrogatory, then he must answer the remaining subparts. In addition, if the Defendant objects to an interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery (e.g. "not reasonably calculated to lead to the discovery of admissible evidence," ... "work product," "unduly burdensome," etc.) he must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not objectionable.

The Defendant must supplement his responses to these interrogatories when so requested by the Defendant prior to trial. In addition, without being requested to do so by the Defendant, the Defendant must reasonably supplement the answers to all interrogatories requesting the identification of persons expected to be called as expert witnesses at trial. Without being requested to do so by the Defendant, the Defendant must also amend any answer when it is discovered to have been incorrect when made or when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

I. *Definitions*

1) "Identity" or "state identity of" with respect to a document means set forth the following information if known:

a) a general description thereof [e.g. letter, memorandum, report, etc.];

b) a brief summary of its contents;

c) the name and address of the custodian of the original;

d) the name and address of the person(s), if any, who drafted, prepared, compiled or signed it; and

e) any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum, or in a motion or request for production thereof.

2) As used herein, the words "record," "records," "document," or "documents" include the original and any copies of any written, printed, typed, electronically stored or graphic matter of any kind or nature, however produced or reproduced, any book, pamphlet, periodical, letter, memorandum, contract, agreement, invoice, bill, receipt, cancelled check, telegram, report, record, study, handwritten note, working paper, paper, chart, graph, drawing, sketch, index, tape, email, facsimile, data sheet or data processing card of any other written, recorded, transcribed, punched, taped, filmed, electronically stored or graphic matter, now in possession, custody or control of the present or former agents, representatives, employees or Defendant or any and all persons acting in his behalf, including documents at any time in the possession, custody or control or the present or former agents, representatives, employees of Defendant or any and all persons acting in his behalf, including documents at any time in the possession, custody, or control of such individuals or entities, or known by the Defendant to exist.

3) "Oral communication" refers to any oral expression, exchange or transmission of thoughts, messages, information, or the like, at any time or place, and under any circumstances whatsoever.

4) "Persons" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

5) The words "you" or "your" mean the Defendant, and each of his present and former agents, employees, and all other persons acting or purporting to act on behalf of the Defendant, but the use of such terms shall not be construed so as to limit the information provided to that which is within the personal knowledge of such party.

6) "Defendant" refers to the Defendant and all of his attorneys, consultants, representatives and other agents.

INTERROGATORY NO. 1

Please state your name, and address and the names and birth dates of all people who currently live with you at this address.

INTERROGATORY NO. 2

Please state fully and in detail the exact location by street, number, city or town, and state of each parcel of real estate in which you or your current spouse have owned any legal or equitable interest in your name, the name of your nominee, or the name of your current spouse, within the last six years.

INTERROGATORY NO. 3

Please state for each and every parcel of real estate in which you, your nominee, or your current spouse now have an interest, legal, equitable or otherwise:

a) The address of the property
b) The fair market value of the property
c) Any mortgage or lien balance(s) presently encumbering the property
d) In whose name title is held, and the nature of the fee interest.

INTERROGATORY NO. 4

If you, your nominee, or your current spouse have sold, conveyed, or transferred any interest in real estate in the past six years, please state the following:

a) The address of the property
b) The name and address of the person to whom said real estate has been sold, transferred or conveyed;
c) The date the property was sold, transferred or conveyed;
d) The consideration received by you and/or your current spouse.
e) The name and address of any person or entity holding a mortgage at the time of the sale, transfer or conveyance of said real estate, and the amount paid to said person or entity at the time of the sale, transfer or conveyance.
f) The closing costs associated with the sale, transfer or conveyance.

INTERROGATORY NO. 5

Describe in detail how much money was realized from the sale of real estate located at 25 Maple Street in Northfield, how much of the money realized from this sale has been expended and on what, and the amount of any funds remaining from the sale and where and in what form these funds are held.

INTERROGATORY NO. 6

If you, your nominee or your current spouse has purchased any interest in real estate in the past six years, please state the following:

a) The name and address of the person from whom said real estate was purchased;
b) The date of purchase;
c) The consideration paid;
d) The source of funds for the consideration paid;
e) The amount of any mortgage or any loan balance secured by the property;
f) The fee interest acquired by you; the fee interest acquired by your spouse.

INTERROGATORY NO. 7

Please list your educational background, your professional affiliations or licenses, and all jobs you have held. For each job held in the past five years, provide the dates of employment, your rate of pay received through out employment, and the nature of your duties and scope of responsibility, the necessary skills and education, including degrees and /or certification that were required and or acquired during said employment, and the reasons for termination of employment.

INTERROGATORY NO. 8

Please fully describe the salary and all benefits you received from the Franklin County Technical School in the last year that you worked for them. Indicate why you left this employment, and any benefits, retirement or otherwise you are eligible to receive from this employer. Fully describe all your duties at this school.

INTERROGATORY NO. 9

Please fully describe the salary and all benefits you are entitled to receive from your current employer(s). Fully describe your duties in this position(s). Indicate the hours of your employment, and the dates of all vacations, including the summer vacation. Fully describe any part time employment you currently hold.

INTERROGATORY No. 10

Please state fully and in detail your gross yearly income for each year from 2001 through 2006, indicating the source of each component thereof, including but not limited to salary, wages from part time employment, grants, loan proceeds, investments, profits, profit sharing plans, sale of real or personal property, dividends and interest. In answering this interrogatory, please understand that the term "income" is to be used in the same sense as the term "taxable income" is used in the Unite States Internal Revenue Code.

INTERROGATORY No. 11

Please state each and every step you have taken to enhance your income or employment skill and/or opportunities since 2000. Please indicate all steps you have taken to find employment in Rhode Island.

INTERROGATORY No. 12

Please state in detail all of the educational and/or vocational training that you have completed or are currently enrolled in, including in your answer:

a. Each and every educational degree or vocational certificate, or license, or graduate credit or continuing educational credit held by you.
b. Each institution of higher education after high school attended by you and the year in which you were enrolled in such institutions
c. All other special training you have received since graduating from high school.

INTERROGATORY NO. 13

To the extent your current income is insufficient to pay the current order of child support ($275/wk) as well as your family's weekly expenses, please indicate the source of funds used to meet these expenses.

INTERROGATORY NO. 14

Identify all sources of income and all assets available now or in the future to support you or your spouse or your step children or your youngest child. Describe any limitations on the use of said funds.

INTERROGATORY NO. 15

Identify and fully describe and provide the current value of all funds, held in trust or otherwise, all income, and all assets including but not limited to stocks, bonds, bank accounts, held or received in your name, in your wife's name, in any of your stepchildren's names, or in any of your children's names. List any terms and conditions restricting the use of any such fund, income or asset.

INTERROGATORY NO. 16

For each expense listed on your financial statement, clearly identify who, if any one, contributes to the cost of each expense listed, and in what amounts. Please indicate what percentage of each expense includes costs for your step children; costs for your spouse; and costs for your youngest child.

INTERROGATORY NO. 17

Please describe your current residence. Include the number of bedrooms, the total number of rooms, the age of the house, the number of acres with the property, the current fair market value of the property, who has title to the house, the balance of any loans for which the property is mortgaged, the total monthly bills for the mortgage, for the taxes, and for the insurance.

Dated: December 3, 2006

Respectfully Submitted,

CAROLYN BASKOWSKI

By and through her attorney,

Dorothy Meyer Storrow
PO Box 202
Greenfield, MA 01302
(413) 772-2425
BBO# 548563