```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


NANCY A. DUSKA,                  :
          Plaintiff,             :
                                 :
     v.                          :          CA 08-303 ML
                                 :
MATTHEW D. DUSKA,                :
          Defendant.             :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a Motion for Leave to File Late Answer (Document ("Doc.") #4) ("Motion for Leave" or "Motion"). Because I find that subject matter jurisdiction does not exist in this matter, I recommend that the Motion be denied and that the action be dismissed.

### Facts[1]

It appears that Plaintiff Nancy A. Duska ("Plaintiff" or "Nancy") is married to Defendant Matthew D. Duska ("Defendant" or "Matthew"). Matthew is the defendant in a child support action which is pending in the Commonwealth of Massachusetts. See Carolyn Baskowski v. Matthew Duska, Docket #00D0145-DV1, The Trial Court, Probate and Family Court Department, Franklin Division (the "Massachusetts Action"). The plaintiff in the Massachusetts Action has propounded interrogatories and a request

---

[1] The facts are inferred or deduced from the filings which accompanied Plaintiff's complaint.

for production of documents to Matthew. The interrogatories and request for production seek information not only about Matthew's assets but also about Nancy's assets. See Complaint (Doc. #1), Exhibit ("Ex.") B (Interrogatories Propounded by the Plaintiff to Be Answered under Oath by the Defendant); id., Ex. C (Plaintiff's First Request for Production of Documents).

Nancy filed this action on August 7, 2008. In her Complaint she indicates that the basis for this Court's jurisdiction is "Federal Question" and that the nature of the lawsuit is "Constitutionality of State Statutes." Civil Cover Sheet at 1. The body of her complaint states:

> **Federal Question:**
>
> If property is acquired by a widow solely through her own efforts prior to or during a subsequent marriage, does she lose her constitutional right to control of her property and must she, be subject to her husband's ex-wife's attorney's will to, disclose information about this property or that of her children to hostile parties of another state without her consent or legal representation, in a case which federal agents of the Administration for Children and Families division of the Department of Health and Human Services have denied her access to any information regarding the suit on her own behalf, or that of her husband, because she is not a party to the case?

Complaint.

## Law

"[A] court has an obligation to inquire sua sponte[2] into

---

[2] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 2004).

2

its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997)(quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)); see also McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004)("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); In re Sheridan, 362 F.3d 96, 100 (1st Cir. 2004)(noting that "the courts are duty-bound to inquire, *sua sponte*, even absent objection by any party," into the question of subject matter jurisdiction); Hainey v. World Am Communications, Inc., 263 F.Supp.2d 338, 345 (D.R.I. 2003) ("[T]he Court is required to address its subject matter jurisdiction over an action, *sua sponte* if need be."); accord Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000)("[A] federal court must inquire *sua sponte* into the issue [of subject matter jurisdiction] whenever it appears that jurisdiction may be lacking.").

"Federal district courts, like other Article III courts, are 'courts of limited jurisdiction ... [that] possess only that power authorized by [the] Constitution and statute.'" Arar v. Ashcroft, 532 F.3d 157, 170 (2nd Cir. 2008)(quoting Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 2616 (2005))(alterations in original). Article III courts have federal question jurisdiction over cases or controversies

arising under the Constitution, laws, or treaties of the United States.  <u>Equal Employment Opportunity Comm'n v. Chicago Club</u>, 86 F.3d 1423, 1428 (7th Cir. 1996).  However, federal courts may only decide cases or controversies.  <u>Cardtoons, L.C. v. Major League Baseball Players Ass'n</u>, 95 F.3d 959, 965 (10th Cir. 1996)(citing U.S. Const., art. III, § 2).  In particular, "a case or controversy must exist between the actual parties to a law suit for a federal court to have jurisdiction under Article III." <u>McPherson v. Michigan High School Athletic Ass'n</u>, 119 F.3d 453, 466 (6th Cir. 1997); <u>S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.</u>, 24 F.3d 427, 431 (2nd Cir. 1994)("[I]n order to achieve the status of a case or controversy, a dispute must exist between two parties having adverse legal interests."); <u>see also</u> <u>New Hampshire Motor Transport Ass'n</u>, 448 F.3d 66, 73 (1st Cir. 2006)("Article III considerations require that an actual case or controversy exist between the parties throughout the course of litigation."); <u>Jenkins v. United States</u>, 386 F.3d 415, 419 (2nd Cir. 2004) ("[T]o achieve the status of a case or controversy, a dispute must exist between two parties having adverse legal interests.") (alteration in original).

## Discussion

It is clear that there is no case or controversy between Plaintiff and Defendant in this case.  They do not have "adverse legal interests."  <u>Jenkins v. United States</u>, 386 F.3d at 419; <u>see</u>

also S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc., 24 F.3d at 431 (same). Plaintiff's real complaint is that the plaintiff in the Massachusetts Action, through her attorney, has propounded interrogatories and a request for production to Plaintiff's husband (Defendant) which seek information about assets owned by either Defendant or Plaintiff. However, because there is no case or controversy between Plaintiff and Defendant, this Court lacks subject matter jurisdiction. See Tarrant Regional Water District v. Sevenoaks, 545 F.3d 906, 910 (10th Cir. 2008)("The federal courts' jurisdiction extends only to actual cases or controversies. '[T]his means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998))(alteration in original)(internal citation omitted); see also Sandt Technology, Ltd. v. Resco Metal & Plastics Corp., 264 F.3d 1344, 1356 n.4 (Fed. Cir. 2001)("Declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201 (1994) must be predicated on the existence of a case or controversy between the parties."). Accordingly, this action should be dismissed.[3]

---

[3] In McCulloch v. Vélez, 364 F.3d 1 (1st Cir. 2004), the Court of Appeals for the First Circuit also noted that before a court can dismiss an action under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), "the party asserting the existence of subject matter jurisdiction must be given notice that the issue is in dispute and an

5

**Conclusion**

This Court lacks subject matter jurisdiction because there is no case or controversy between the parties.  Accordingly, the action should be dismissed, and I so recommend.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt.  See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 10, 2008

---

adequate opportunity to ascertain and present relevant facts and arguments supporting his claim of jurisdiction," id. at 6.  Accordingly, Plaintiff is given notice by this Report and Recommendation that subject matter jurisdiction appears to be lacking in this case.  If Plaintiff chooses to file an objection to this Report and Recommendation, such objection should provide facts and arguments to support her claim that subject matter jurisdiction exists.

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays.  See Fed. R. Civ. P. 6(a)(2).